# Weaver *v.* The State.

*Prosecution for throwing Rock at Passenger Train.*

1. *Objection to evidence; when objection properly overruled.*—A general objection to evidence a portion of which is legal and admissible, is properly overruled; the court being under no duty to separate the legal from the illegal.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. T. L. BOROM.

The appellant in this case, Gaines Weaver, was prosecuted and convicted for throwing a rock or other missile into a passenger train.

There was evidence introduced on behalf of the State tending to show that the defendant was guilty as charged. The evidence showed that after the train was rocked, it was stopped and came back to where the defendant had been standing, and that, thereupon the defendant ran. The porter who was on the train and who caught the defendant, testified that when he caught him he had a rock in his pocket, and that the defendant said that the rock in his pocket "was not as large as the one he threw at the train." The bill of exceptions recites that "to this last testimony the defendant objected at the time it was offered." The court overruled the objection, and the defendant duly excepted.

The defendant introduced evidence tending to show that he did not throw at the train.

Upon the introduction of all the evidence the defendant moved the court to discharge him. The court overruled the motion, and to this ruling the defendant duly excepted.

D. A. BAKER, for appellant..

MASSEY WILSON, Attorney-General, for the State, cited *Wright v. State,* 136 Ala. 139; *Lowe v. State,* 88.

[Peterman v. The State.]

Ala. 8; *Liles v. State,* 30 Ala. 24; *Allen v. State,* 60 Ala. 19; *Chamblee v. State,* 78 Ala. 466.

TYSON, J.—Only one exception was reserved during the trial as to the admissibility of evidence. The objection interposed was general—no ground whatever being stated. A part of the statement to which the objection was taken was clearly legal, and if it be conceded that the other portion was not, the court was under no duty to separate the legal from the illegal.—*Wright v. State,* 136 Ala. 139; *Davis v. State,* 131 Ala. 10; *Roy v. State,* 126 Ala. 9, and cases there cited.

We cannot affirm that the court clearly erred in its finding of fact that the defendant was guilty as charged. The motion to discharge him was properly overruled.

Affirmed.