# Reeder *v.* Huffman, *et al.*

*Action on Constable's Bond for Failure to Levy Execution.*

(Decided May 15th, 1906. 41 So. Rep. 177.)

1. *Sheriffs and Constables; Failure to Serve Process; Pleadings; Conjunctive Allegations.*—Under a complaint alleging that a constable "refused and wholly failed" to execute certain writs in his hands, the plaintiff must show not only that the officer failed to exercise due diligence, but also that he refused to execute the process; the allegation being conjunctive.

2. *Trial; Affirmative Charge; Conflict.*—Where there was conflict in the evidence as to matters alleged in the complaint the affirmative charge was properly refused to plaintiff.

3. *Evidence; Uncommunicated Motive.*—The uncommunicated motives or purposes of a witness with respect of certain acts of his about which he has testified are not admissible in evidence.

4. *Same.*—It was not permissible to inquire of a witness whether he would have told the constable he had certain property, if the constable had inquired of him concerning it.

[Reeder v. Huffman, et al.]

APPEAL from Lauderdale Circuit Court.

Heard before HON. E. B. ALMON.

Action by J. T. Reeder, as surviving partner, etc., against J. A. Huffman and others. From a judgment for defendants, plaintiff appeals.

This was an action on the constable's bond, and the gravamen of the charge is that said constable refused and wholly failed to execute two executions placed in his hands. The complaint alleges the judgments on which the executions were issued, the situs of the property subject to these executions, and other matters to show a breach of the constable's bond. The evidence was in conflict in reference to the failure to levy the execution and as to the opportunity for levying them. It was in sharp conflict as to refusal to levy them. In fact, the evidence tended strongly to show an effort to levy the execution. The defendant requested the court to give the following charges, which the court did: "(1) If the jury believe from the evidence that the defendant failed to act with diligence in his effort to execute the writs, then, if the jury are reasonably satisfied from the evidence that a diligent effort would have been unsuccessful, your verdict will be for the defendant. (2) Unless the jury are reasonably satisfied from the evidence that the defendant failed to act with diligence in his efforts to execute the writ, then you will find for the defendant."

SIMPSON & JONES, for appellant.

JOHN T. ASHCRAFT, for appellee.

WEAKLEY, C. J.—This is an action for damages for breach of a constable's bond, and the breach alleged is that Huffman, the constable, "did refuse and wholly fail to execute two writs for the seizure of personal property, which the plaintiff had recovered in detinue. The plaintiff's evidence tended to show a refusal by the defendant to execute the writs, accompanied by the statement that they were not worth the paper on which they were written; but the main defendant denied such refusal and statement, thus making a question for the

jury's decision. A failure and refusal being alleged conjunctively, it was essential to a recovery to prove, not only that the constable failed to exercise due diligence, but that he refused to execute the process.—*L. & N. R. R. Co. v. Dancy,* 97 Ala. 338, 11 South. 796.

The evidence was in conflict in respect of the averments of the complaint, and hence the affirmative charge for the plaintiff was properly refused.

In support of the assignments of error predicated upon the two charges given at the request of the defendants, it is argued merely that the charges were erroneous, because, it is said, the court should have given the affirmative charge, and should have passed on the evidence as a matter of law. We have already shown why that course could not have been properly pursued.

The first interrogatory propounded to the witness Bud Haynes called merely for the uncommunicated motive or purpose of the witness in performing certain acts to which he had testified; and it was not permissible to inquire of the witness whether he would have told the constable he had the property if the constable had inquired of him about it; no such inquiry having been made. A witness should not be asked what he would have done or said if something else, which was not done, had happened. This would be to indulge in mere speculation. The two interrogatories were propounded as one question. There was one refusal to allow both to be answered, and one exception. There would be no error unless both subdivisions of the question were such as should have been allowed. No error was committed in sustaining the objection to the double question.

There is no error in the record.

Affirmed.

HARALSON, DOWDELL and DENSON, JJ., concur.