# Gibbs *v.* State.

## *Murder.*

(Decided June 16, 1908.   47 South. 65.)

1. *Homicide; Evidence; Conduct of Deceased.*—Where the facts at the time showed no excuse or justification for the killing, defendant was not entitled to show that deceased owned a pistol and whether or not shortly before the difficulty, he cleaned it up.

2. *Evidence; Uncommunicated Motive.*—What motive the defendant had in going to a certain store cannot be testified to by him under the rule that a witness may not testify as to his uncommunicated motive or intention.

3. *Charge of Court; Argumentative Instructions.*—Charges asserting that every citizen no matter how humble, has a lawful right to bear arms in defense of himself, is merely argumentative.

[Gibbs v. The State.]

Appeal from Jefferson Criminal Court.

Heard before Hon. D. A. Greene.

Vines Gibbs was convicted of murder in the 1st dee-gree, and he appeals. Affirmed.

The following charge was refused to defendant: The court charges the jury that every citizen, no matter how humble, has a right to bear arms in defense of his person.

No counsel marked for appellant.

Alexander M. Garber, Attorney-General, for the State.

McCLELLAN, J.— The defendant was convicted of murder in the first degree, and a life sentence was imposed. Immediately succeeding testimony tending to show a most causeless murder, and before the introduction of the testimoy tending to show justification thereof, the defendant inquired of the widow, a witness for the state, whether her husband owned a pistol. The court properly sustained the state's objection. It was wholly immaterial as the case then stood.—*Gregory's Case,* 140 Ala. 16, 37 South. 259. For the same reason the question with reference to the deceased cleaning a pistol, shortly before the killing, was correctly disallowed.

The purpose of the defendant in going to Tally's store at the time of the tragedy was the effort of the defendant himself to prove an unexpressed motive or purpose, which is never allowable.—*Yarbrough's Case,* 115 Ala. 96, 97, 22 South. 534; *Seams' Case,* 84 Ala. 410, 4 South. 521.

The special charges requested for the defendant bore an argument merely, and were well refused.

There is no error in the record, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.