# Montgomery *v.* The State.

## *Murder.*

(Decided June 30, 1911.   56 So. 92.)

1. *Homicide; Evidence; Previous Acts of Deceased.*—As tending to show who was the aggressor, it was competent to show what decedent was doing and saying when the defendant went into the house where the trouble started.

2. *Same; Irrelevant Facts.*—In a homicide case it was irrelevant whether decedent or anyone else was connected with the making of the whisky which the parties drank.

3. *Same.*—Where the prosecution was for homicide evidence as to where the whisky came from that the parties were drinking, or who owned or operated the still where it was made, and whether witness or others were concerned in making whisky or running an illicit still, was immaterial and properly refused.

4. *Same; Declarations of Accused.*—Where the only issue was whether the accused acted in self defense, it was proper to exclude a showing made for a witness that the defendant told the witness he wanted him to inform the neighbors of the killing.

5. *Same; Decedent's Character.*—Specific acts done by the decedent in the past are not admissible to show his character as a dangerous and turbulent man.

6. *Same.*—In a prosecution for homicide evidence of decedent's general character is not admissible.

7. *Same; Self Defense; Requisites.*—One must have been free from fault in bringing on the difficulty before he can invoke the doctrine of self defense to excuse a homicide.

8. *Same; Instructions; Self Defense.*—Instructions which ignore a constituent element of self defense are properly refused.

9. *Same.*—Instructions on self defense which omit to require a finding that the accused must have had no reasonable means of escape or retreat, or which ignore an impending peril, or which fail to hypothesize freedom from fault in bringing on the difficulty, are properly refused.

10. *Same.*—An instruction predicating defendant's right to an acquittal on his being "free from bringing on the difficulty" is properly refused; the same not being the equivalent of freedom from fault in bringing on the difficulty.

11. *Same.*—An instruction authorizing an acquittal if the defendant did not provoke the difficulty was properly refused, as the required finding must be that he was free from fault in bringing it on.

[Montgomery v. The State.]

12. *Same; Defense of Habitation.*—Where both parties were guests at the home of the son of the defendant, and the defendant left a place of safety to go into the· yard where the deceased was, such defendant cannot rely on the protection of the home.

13. *Evidence; Flight.*—Where defendant was arrested several days after the offense, and after an unsuccessful search for him, it was competent for the state to show that the address of one living in Texas was found on his person, as ·tending to show flight.

14. *Same; Weight.*—The admissibility of the evidence is for the court to determine, but its weight is a matter addressed to the jury.

15. *Same; Conversation.*—Where one party brings out part of the conversation, the other party is entitled to show the whole of the conversation.

16. *Same; State of Mind.*—Questions to a witness as to whether he considered another person truthful, and what he meant by certain statements as to telling the truth, and as to why he wanted to do a certain thing called for the witness's motive and state of mind, and hence, were properly excluded.

17. *Same; Self Serving Declarations.*—While all the declarations constituting a part of the res gestae of the transactions are properly admitted, it is proper to exclude self serving declarations made by the defendant.

18. *Same; Explanation of Flight.*—The uncommunicated plans of the defendant concerning coming to court are not admissible in explanation of flight or for any other purpose.

19. *Witnesses; Credibility; Impeaching One's Own Witness.*—Where a defendant introduces a witness he is properly denied the right to show that the witness was introduced and examined as a state's witness at a former trial.

20. *Same; Examination; Prompting.*—A witness cannot be prompted on his direct examination by having a portion of his testimony taken on a former examination read to him.

21. *Same; Cross Examination.*—For the purpose of contradicting them or to test their recollection the state may be permitted to ask the witnesses who were introduced by the defendant concerning their testimony on a former trial.

22. *Same; Cross Examination of Accused.*—Where the defendant had testified to his action at such time, it was competent for the state on cross examination to ask him about his pistol, what he did with it, and his motive for doing so on the night of the shooting, and when the sheriff was looking for him.

23. *Charge of Court; Argumentative Instructions.*—It is not error to give instructions merely argumentative, nor is it error to refuse same.

24. *Same; Covered by Those given.*—It is not error to refuse instructions substantially covered by requested instructions given.

25. *Same; Weight of Evidence.*—A charge singling out and basing an acquittal upon belief of defendant's testimony alone is properly refused.

[Montgomery v. The State.]

26. *Appeal and Error; Review; Sufficiency of Evidence.*—Where the bill of exceptions does not affirmatively purport to set out all the evidence, the refusal to give the general affirmative charge cannot be reviewed.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Wess Montgomery was convicted of manslaughter in the first degree and he appeals. Affirmed.

WERT & LYNNE, and JACKSON & DELONEY, for appellant. The court erred in refusing charge 13.—*Carden v. The State*, 84, Ala. 420; *Sylvester v. The State*, 71 Ala. 18. The court erred in refusing charge 14.—Bishop on Crim. Law, Sec. 871. Charge 15 should have been given.—*Perry v. The State*, 94 Ala. 25; *Roberts v. The State*, 68 Ala. 156. Charge 21 should have been been given.—*Story v. The State*, 71 Ala. 329; *Kirkland v. The State*, 141 Ala. 45. Charge 22 should have been given. —*Pugh v. The State*, 132 Ala. 1; *DeArman v. The State*, 71 Ala. 351. The court erred in refusing 30.—*Stovall v. The State*, 116 Ala. 454; *Jackson v. The State*, 78 Ala. 471; *Story v. The State*, 71 Ala. 329; *Compton v. The State*, 110 Ala. 24; *Howard v. The State*, 110 Ala. 92. Charge 31 should have been given.—*Rogers v. The State*, 62 Ala. 170. Charges 35 and 36 should have been given.—*Brown v. The State*, 118 Ala. 114; *Bell v. The State*, 115 Ala. 25; *Carroll v. The State*, 130 Ala. 99. Charge 37 should have been given.—94 Ala. 90; 77 Ala. 18; 60 Ala. 441. Charge 39 should have been given.— *Pickens v. The State*, 115 Ala. 42; *Burton v. The State*, 107 Ala. 114; *Wharton v. The State*, 73 Ala. 366. Charge 41 should have been given.—1 Bish. on Crim. Law, 7 Ed. Sec. 871. Charge 42 shoutld have been given.—94 Ala. 90; 77 Ala. 18; 60 Ala. 441. Charge 43 should have been given.—94 Ala. 90; 77 Ala. 18; 60 Ala. 441. Charge

[Montgomery v. The State.]

46 should have been given.—1 Bish. on Crim. Law, Sec. 871. Charge 47 should have been given.—Stovall v. The State, 116 Ala. 454; Oliver v. The State, 17 Ala. 587; 78 Ala. 471. Charge 48 should have been given.—Ellman v. The State, supra. On this authority, charge 53 should have been given.—Martin v. The State, 90 Ala. 602. On the same authority charge 50 should have been given. The court erred in refusing charge 52.—DeArman v. The State, supra. On this authority, charge 53 should have been given. Charge 54 shotuld have been given on the authorities supra.

R. C. Brickell, Attorney General, and T. H. Seay, Assistant Attorney General, for the State. Counsel discuss all the exceptions reserved to evidence, but cite no authority except as to the proposition that proof of deceased's general character was not admissible, and that particular incidents or difficulties could not be looked to in determining the question, and cite Franklin v. The State, 29 Ala. 14. The charges on self defense omit some of the essential elements, and hence, were properly refused—Parker v. The State, 150 Ala. 67; Harrison v. The State, 144 Ala. 20; Kirby v. The State, 151 Ala. 66. This is especially true of charges 15, 16, 21, 23, 25, 31, 40, 44, and 48. Charges 17 and 28 are mere arguments. Charges 19, 46 and 49 base an acquittal on part of the evidence.—Goldsmith v. The State 105 Ala. 8. Under the facts in this case the defendant was not entitled to the defense of protection in the home.—Montgomery v. The State, 160 Ala. 7. Charge 24 requires a too high degree of proof.—Whatley v. The State, 91 Ala. 108. Charges 26 to 39 had been often condemned.— Allen v. The State, 111 Ala. 80. The other charges refused were substantially covered by those given.

[Montgomery v. The State.]

PELHAM, J.—The defendant was indicted for murder, but, having been previously tried on the charge and convicted of murder in the second degree, the defendant's plea of former acquittal of murder in the first degree was confessed on the present trial. There was a conviction for manslaughter in the first degree, and the defendant appeals.

While the record contains more than 50 separate exceptions to the testimony reserved on the trial, a careful examination of each of them fails to disclose a reversible error available to the defendant in the court's rulings on the evidence. Many of these exceptions are reserved to questions similar to those that have been passed upon time and again, and require no special discussion, as they clearly fall within general principles of law upholding the correctness of the trial court's rulings that have been announced by the Supreme Court so often as to require no repetition. Some of them are the same questions passed upon adversely to appellant when the case was before the Supreme Court on a former appeal.—*Montgomery v. State*, 160 Ala. 7, 49 South. 902.

The questions asked the witness Prewitt by the state, with reference to what the deceased was doing and saying when the defendant came into the house where the trouble started that terminated in the killing, were relevant and proper, as tending to prove who was the aggressor in the difficulty. There was evidence that the defendant had told deceased to stop cursing in the presence of a woman (a daughter-in-law) who was present in the house, and that he accompanied the admonition with a threat as to the consequences if it did not cease. This was the commencement of the difficulty as shown by the evidence, and what the deceased was saying and

doing at the time was clearly admissible to show who was at fault in bringing on the difficulty.

Whether or not deceased, or any other person, was connected with the manufacture or making of whisky that was drunk by the parties was entirely irrelevant, and the court very properly sustained objections to all questions asked the witness Prewitt on cross-examination seeking to elicit such facts.

There was no error committed in allowing the arresting officer to testify as to what he found on the defendant's person when he searched him. The arrest was made several days after the commission of the offense, on a train, after defendant had been looked for at his home and in the neighborhood and not found. The evidence was for the purpose of showing the defendant had the address of a party in Texas on his person, as a criminating circumstance tending to prove flight, or that defendant contemplated leaving the state. This paper containing the adddress was afterwards admitted in evidence without objection, upon admission of the defendant. Nor was it error to allow the witness to testify that the defendant had a considerable sum of money on his person, as a circumstance connected with his arrest on the train, to show flight. Any conduct of defendant tending to show flight as a consciousness of guilt, though weak and inconclusive, is admissible. The weight of the evidence is a question for the jury.— *Clarke v. State,* 78 Ala. 447, 56 Am. Rep. 45; *Bowles v. State,* 58 Ala. 335.

The defendant having asked about, or brought out part of, a conversation between the witness Prewitt and one Wilkerson and one Young, the state had a perfect right to bring out all that was said in those conversations.—*Ray v. State,* 147 Ala. 5, 41 South. 479; *Wil-*

[Montgomery v. The State.]

liams v. State, 103 Ala. 33, 15 South. 662; Wall v. State, infra, 56 South. 57, and authorities there cited.

The questions asked the witness Prewitt as to whether he *considered* another person truthful, and what he *meant* by certain statements as to telling the truth, and *why* he wanted to do a certain thing, called for evidence that was not admissible, in that it called for the witness' motives, uncommunicated intention, or state of mind.—Dent v. State, 105 Ala. 14, 17 South. 94; Stewart v. State, 78 Ala. 436; Smith v. State, 145 Ala. 17, 40 South. 957; Barnewell v. Stephens, 142 Ala. 609, 38 South. 662. The character of Madison was not relevant in any particular to the issues in the case, and the questions seeking to prove it were correctly ercluded.

The general character of the deceased was not admissible, and the court allowed all questions going to prove that the character of the deceased for peace and quietude was bad, and that he was a quarrelsome, turbulent, dangerous, or bloodthirsty man, and these elements of the deceased's character were alone permissible to be proved.

The threats testified to by the witness Wilkerson were competent; they were neither too remote nor too general. What weight, if any, they were given was for the jury to determine in weighing them in connection with all the other evidence.

As to whether or not the defendant's witness Van Coffee was introduced and examined as a state's witness on the former trial was immaterial, and proof of the fact before the jury in no way was calculated to prove or disprove any issue before them. The witness stated that he was examined as a witness on the former trial, and it was not material by whom he was offered; nor was it competent to make proof of the fact, as it would only be for the purpose of prejudicing the

jury.—*Neilson's Case,* 146 Ala. 83, 40 South. 221; *Glass v. State,* 147 Ala. 50, 41 South. 727.

There was no error in the court's sustaining the solicitor's objection to having the witness Van Coffee prompted and suggested to on direct examination by reading to him at length the extended statement of his testimony on the former trial.

The solicitor's objections to the questions asked this witness, calling for a narration of self-serving declarations upon the part of the defendant, were properly sustained; all the declarations properly constituting a part of the res gestae were permitted to answered. There was no error in the court's refusing to allow this witness, or the defendant, to testify that he told the witness he wanted him to inform the neighbors of the fact of the killing. It could shed no light on the issues, and had no tendency to prove the guilt or innocence of the defendant; the killing of the deceased by the defendant being uncontroverted. That the defendant would want the neighbors to know would have no bearing on whether or not the killing was in self-defense or maliciously done; and the only issue in the case was whether or not the defendant acted in self-defense in shooting the deceased. Nor could the statement be deemed a part of the res gestae.—*Lunsford v. State, infra,* 56 South. 89; *Gassenheimer v. State,* 52 Ala. 313; *Berney v. State,* 69 Ala. 233; *McCormack v. State,* 102 Ala. 161, 15 South. 438.

It was proper to allow the solicitor to ask the defendant's witnesses with reference to what they testified on the former trial, either for the purpose of showing contradiction or to test their recollection.

The solicitor's objections to the questions of the defendant to his witness Herbert Montgomery as to where the whisky came from the parties were drinking, who

operated or owned the still where the whisky was made, or whether witness or the Prewitts were concerned in making whisky, or running an illicit still, were all properly sustained, as the questions were all clearly improper in calling for immaterial testimony.

Specific acts of the deceased in the past to prove his character for being a dangerous or turbulent man were inadmissible.—*Franklin v. State*, 29 Ala. 14.

The uncommunicated plans the defendant may have made with his brother in reference to coming to court were not permissible as explanatory of flight, or for any other reason.—*Stewart v. State*, 78 Ala. 436.

The court did not allow the state to exceed its right of legitimate cross-examination in asking the defendant about his pistol, and what he did with it and his motive for doing so, etc., the night of the shooting and when the sheriff was looking for him. The defendant had testified as to his actions at these times, and it was permissible to allow the state, under the latitude allowed on cross-examination, to go into these matters for the purpose of showing contradictory statements or actions, or showing the defendant's actions were inconsistent with the statements made on direct examination.—*Linehan v. State*, 120 Ala. 293, 25 South. 6; *Birmingham Ry. Co. v. Mason*, 144 Ala. 387, 39 South. 590.

There was no error committed in permitting the state's questions to the defendant's witness Tucker as contradicting the witness Van Coffee, or for the purpose of laying a predicate to impeach the witness. The bill of exceptions does not affirmatively show, or purport to set out, all of the evidence, and it is unnecessary to consider exceptions not available as error in consequence.

The exceptions reserved to certain portions of the oral charge of the court are without merit. The charge

of the court construed as a whole is a correct statement of the principles of law applicable to the evidence, and, while not altogether free from the fault of being somewhat involved, is not calculated, when construed together as a whole, to mislead the jury or prejudice the case of the defendant in any particular.

The court's statement in delivering the charge that it is the purpose of the law to lay a heavy hand upon the defendant, if guilty, was made in connection with a statement of the theory of the law being not a desire or attempt to convict the innocent, but only upon the guilty should the penalty fall, and the heavy hand of the law be laid. The charge of the court on what constituted murder in the first degree was free from error, as the court had thoroughly explained in the charge that the conviction on the former trial of murder in the second degree was an acquittal of the defendant of murder in the first degree, and that the jury could convict him of no higher grade of crime than murder in the second degree. There was no error committed in defining murder in the second degree and distinguishing it properly from murder in the first degree, instructing the jury in so doing as to what constituted the different degrees.

The charges given at the instance of the state assert correct propositions of law. The first two are to the effect that the defendant must have been free from fault in bringing on the difficulty to invoke the doctrine of self-defense, and the third states a correct rule as to the degree of proof essential to authorize a conviction. Forty of the written charges requested by the defendant were refused by the court, many of them occupying a full page or more of the record, and, as no brief has been filed by appellant, we are uninformed what reliance may be placed in them by the defendant; but an

examination of these voluminous charges convinces us that the refusal to give a great many of them would not be insisted upon here as error, had appellant pointed out by brief his contentions.

A number of these charges relate to self-defense, and most of them are either covered by the given charges, omit one or more of the constituent elements of self-defense, or single out and base an acquittal upon belief of the defendant's testimony alone. That such charges are properly refused has been often decided by the Supreme Court.—*Parker v. State,* 150 Ala. 673, 42 South. 1045; *Kirby v. State,* 151 Ala. 66, 44 South. 38; *Harrison v. State,* 144 Ala. 20, 49 South. 568; *Goldsmith v. State,* 105 Ala. 8, 16 South. 933; *Fleming v. State,* 150 Ala. 19, 43 South, 219; *Gregory v. State,* 148 Ala. 566, 42 South. 829, and authorities cited in these cases.

Thoses charges framed under the proposition that one is not required to retreat when protecting his home are inapplicable under the undisputed evidence that the defendant and deceased were both guests at the home of the defendant's son, and that the defendant had left a place of safety in the house and gone out into the yard, where the deceased was, when the fatal difficulty occurred. Even if the defendant was leaving to go to his own home and get out of the difficulty, as contended by him, he was not at the time of the killing engaged in the protection of the son's home, and not within the operation of the law which makes it unnecessary to retreat when defending the home.

Many of the instructions requested are the same as those requested upon the former trial and condemned when the case was before the Supreme Court on appeal at that time (*Montgomery v. State,* 160 Ala. 7, 49 South. 902), and need no comment.

Charges numbered 16, 21, 23, 24, 44 and 48 all seek instructions looking to an acquittal upon the docctrine of self-defenes and fail to hypothesize freedom from fault in bringing on the difficulty, or are erroneously, as applicable to the evidence, predicated upon protection to the son's home.

Charges 22, 31, 38, 41, 42, 46, 50, 51, and 52 omit to predicate that defendant must have had no reasouable means or mode of escape or retreat open to him to enable him to invoke the right to act in self-defense.

Charge 13 is substantially a duplicate of the given charge No. 11. Refused charge No. 30 is covered by charge No. 2 given. Charges 35 and 36 are .covered by given charge No. 4. The legal propositions contained in charge 37 are embraced in given charges 1 and 2. Charges 43 and 45 are covered by charges given, numbered 1, 2, and 5.

Charge 19 omits to predicate impending peril as one of the ingredients to constitute self-defense.

Charges 17 and 18 and several others of like character are patently bad, and need no comment to point out their deficiencies.

Charge 20 fails to predicate acquittal on the defendant's belief of impending peril, in that it omits such an element in defining the defendant's right to defend himself.

Charge 22 does not clearly predicate the *defendant's* belief in impending peril, and does not state facts sufficient to authorize the defendant, as applicable to the facts in this case, to justifiablv defend himself, without avoiding the difficulty, by using all reasonable means of escape. This charge is faulty also, in that it uses the language "free from bringing on the difficulty," instead of "free from fault."

Charges numbered 15, 16, 17, 39, 40, and 44 were condemned on the former appeal in this case (*Montgomery v. State, supra*). ˢᵒᵐᵉ of them in the identical language in which they appear in the bill of exceptions in this subsequent appeal, and those not in the identical language are substantially the same.

Charge 47 is faulty in failing to include as a predicate using reasonable means of escape. The correct legal principles of self-defense were given in charge to the jury in writing at the request of the defendant in other charges.

Charges 53 and 54 are argumentative and involved, and not the clear statements of legal propositions expressed in unambiguous language, free from a tendency to mislead, as is required, and as is essential.

Charge 53 instructs upon the effect of the evidence, and clearly invades the province of the jury, and does not include all the constituent elements of self-defense in seeking a charge on defendant's "plea of self-defense," and is involved.

Charge 54 does not predicate an entire freedom from fault in bringing on the difficulty, but only that "defendant did not provoke the difficulty." It charges as a matter of law on the sufficiency and effect of the evidence, i. e., what a reasonable person would have thought, and singles out and gives undue prominence to part of the evidence, and is misleading.

A careful examination of the refused charges fails to disclose any reversible error, and we do not deem a further discussion of them necessary.

The general charge was properly refused; there was sufficient evidence to establish defendant's guilt of the offense charged, and, as we have pointed out, the bill of exceptions does not affirmatively purport to set out all of the evidence.

There is no reversible error in the record, and the case is affirmed.

Affirmed.