# Montgomery-Moore Mfg. Co. *v.* Leeth.

## *Claim Suit.*

(Decided Nov. 30, 1911, rehearing denied Dec. 14, 1911.
56 South. 770.)

1. *Discovery; Interrogatory; Failure to Answer.*—Under sections 4049, 4055 code 1907 where interrogatories were not fully answered, and the party to whom propounded was present in court, the court will not be put in error for denying a motion for judgment by default, and in ordering a recess for a sufficient length of time to enable full answers to be filed, and in ordering the filing thereof.

2. *Appeal and Error; Decision of Case; Law.*—A decision on former appeal is the law of the case on retrial, the facts being the same.

3. *Witnesses; Examination; Leading Questions.*—It is within the discretion of the trial court to disallow or to permit leading questions to be asked and the court's action thereon will not be reviewed unless plainly erroneous.

4. *Same.*—Where the action was to set aside an alleged fraudulent conveyance, and it appeared from the cross examination of the witness that claimant was not present at a conversation between a witness and the seller of the goods, and the conversation referred to a different and separate transaction, and the conversation was not shown to be a part of that testified to as new matter, the court properly excluded such conversation.

5. *Evidence; Opinion; Conclusion.*—The question as to whether or not a witness made any further negotiations concerning the buying of certain property was objectionable because calling for a conclusion.

6. *Same; Uncommunicated Intention.*—An uncommunicated purpose of a witness in keeping guard over certain goods was not competent.

7. *Same; Conclusions.*—It is not competent for a witness to testify as to what another person seemed to be doing or was trying to do.

8. *Same; Res Gestae; Bona Fides.*—Where the suit was to satisfy an alleged fraudulent transfer of goods, declarations made by the seller to the buyer while negotiating for the sale were admissible as a part of the transaction to show bona fides of the same.

[Montgomery-Moore Mfg. Co. v. Leeth.]

9. *Fraudulent Conveyances; Evidence; Remoteness.*—Where the suit was to set aside an alleged fraudulent conveyance of certain goods made in January, evidence as to the kind of goods in the store in July previous was too remote to be relevant. ·

10. *Same; Instructions.*—A charge asserting that if the buyer had knowledge or notice before the sale that the seller was selling his property with the intent to place the proceeds beyond the reach of his creditors, the sale would be void, failed to limit the property being sold to that involved in the pending suit, and was therefore properly refused.

11. *Same*—Where the suit was to set aside an alleged fraudulent conveyance and there was evidence that the owner of the property had been selling off other property to others than to the buyer of the goods in question, a charge asserting that if any member of the jury was reasonably satisfied from the evidence that the seller sold his property with the intent to convert it into money and place it beyond the control of his creditors, and before the sale the purchasing defendant had notice of the fact, then the jury should find for plaintiff, failed to limit the property so alleged to have been sold to the property involved in the pending suit, and was properly refused.

12. *Same; Assuming Facts.*—A charge asserting that if the buyer had notice or knowledge before the sale that the seller was selling his property and converting the proceeds into money with intent to place beyond the reach of his creditors, then the fact that the buyer paid for the goods was immaterial, and the sale would be void as against creditors because of the fraudulent intent and notice, was' properly refused as assuming as a fact that the seller was converting his property into cash in order to get it beyond the reach of his creditors, that being a controverted issue of fact on which the evidence was in conflict.

13. *Trial; Reception of Evidence; Objection.*—Where a part of an answer is admissible an objection to the whole may be overruled; hence where there was evidence that a stock of goods sold to a claimant was a remnant stock, an objection to a question calling for an estimate of value on a remnant or second-hand stock, because there was no evidence that it was a bankrupt stock, was not availing.

14. *Same; Time.*—An exception to a question not taken until after the witness has answered comes too late. ,

15. *New Trial; Failure of Evidence.*—In order for the court to reverse the action of the trial court for refusing to grant the motion for a new trial, it must appear plainly and palpably that the evidence failed to support the verdict.

APPEAL from Cullman Circuit Court. ·

Heard before Hon. D. W. SPEAKE.

Attachment by the Montgomery-Moore Manufacturing Company against McCutchen & Son; G. Scott Leeth, claimant. Judgment for claimant, and plaintiff appeals. Affirmed.

See, also, 162 Ala. 246, 50 South. 210.

The facts and exceptions to evidence are sufficiently set out in the opinion of the court. The following charges were refused to the appellant:

Assignment 34: "If the claimant, Leeth, had knowledge or notice before the sale that McCutchen was selling his property and converting it into money with the intent to place it beyond the reach of creditors, then the fact that Leeth paid for the goods is not material to the issues in this case. The sale would be void as against plaintiff because of the fraudulent intent, coupled with a notice to said Leeth."

Assignment 35: "The question of the adequacy of the consideration is not material in this case, if the jury are reasonably satisfied from all the evidence that McCutchen sold his property with the intent to convert it into money, so as to place it beyond the reach of his creditors, and before the sale Leeth had knowledge or notice of this fact, or was in possession of such facts and circumstances as should have elicited inquiries, which, if diligently pursued, would have brought knowledge to him, if the evidence reasonably satisfies you of these facts the transaction between Leeth and McCutchen is condemned by the law as a fraud against the rights of creditors."

"Assignment 36: "If the claimant Leeth, before the sale had knowledge or notice that McCutchen was selling his property and converting it into money with the intent to place it beyond the reach of his creditors, then the fact that he paid for the goods is not material to the issues in this case. The sale would be void as against the plaintiff because of the fraudulent intent, coupled with the notice to said Leeth."

Assignment 37: "The court charges the jury that, if any member of the jury is reasonably satisfied from

the evidence in this case that McCutchen sold his property with the purpose and intent to convert it into money, so as to place it beyond the reach of creditors, and before the sale Leeth had notice of this fact, or was in possession of such facts and circumstances as should have elicited inquiry, which, if followed up, would have brought knowledge to him, then you should find for the plaintiff."

The two charges referred to as given for the claimant are as follows: "The court charges the jury that fraud is never presumed but must be proven by the party asserting it, and it will not be imputed when the facts and circumstances from which it is supposed to arise may reasonably consist with honest contentions." "The court charges the jury that an adequate consideration is a reasonable equivalent of the value of the property."

J. D. BROWN, for appellant. The court erred in refusing plaintiff's motion for judgment by default for failure of claimant to answer interrogatory.—Sections 4049 and 4055, Code 1907; *Ex parte McLendon*, 33 Ala. 276; *Culver v. A. M. Ry. Co.*, 108 Ala. 334. The court has no power to add to or extend the terms of the statute.—*M. & O. R. R. Co. v. Seals*, 100 Ala. 372; *Allen v. Lathrop-Hatten Lumber Co.*, 90 Ala. 490; *B. Ry. L. & P. Co. v. Seaburn*, 53 South. 241. Those portions of claimant's answer to interrogatories sought to be stricken were not responsive and was subject to other infirmities assigned.—*So. Ry. Co. v. Shelton*, 136 Ala. 216; *Montgomery-Moore Mfg. Co. v. Leeth*, 162 Ala. 246. This is true with reference to other matters objected to. All that was said and done by and between Adams and McCutchen at the time of the trade between them was admissible.—*Bank v. Webb*, 108 Ala.

132; *Simmons v. The State*, 145 Ala. 64. Where one party brings out a part of the conversation the other party is entitled to all of it.—*Drake v. The State*, 110 Ala. 9; *Williams v. The State*, 103 Ala. 33; *Dodson v. The State*, 86 Ala. 60. What Leeth did at the time of the levy was admissible as a part of the res gestae.—*Montgomery-Moore Mfg. Co. v. Leeth, supra*. The declarations of McCutchen to Leeth, in the absence of the plaintiff, was not admissible under any rule.—*Merchant's Bank v. Akron Lumber Co.*, 160 Ala. 443; *Baldwin v. Walker*, 91 Ala. 428; *Hendrix v. Tucker*, 29 South. 34; *Burke v. Bragg*, 89 Ala. 202. The question of the adequacy of the consideration paid is not material if the purchaser has notice of a fraudulent intent. —*Montgomery-Moore v. Leeth, supra*. It requires an unanimous finding to support a verdict.—*Hale v. The State*, 122 Ala. 85; *Letcher v. The State*, 158 Ala. 60; *Montgomery-Moore v. Leeth, supra*. The court should have granted the motion for a new trial because the evidence clearly showed knowledge or notice to the claimant of McCutchen's fraudulent intent.—*Teague v. Bass*, 131 Ala. 422; *So. Ry. Co. v. Lollar*, 135 Ala. 379.

F. E. St. John, for appellee. There was no error in the action of the court in refusing judgment by default and in ordering complete answers to be filed.—Sections 4049 and 4055, Code 1907; *Culver v. A. M. Ry. Co.*, 108 Ala. 330; *Goodwater Co. v. Street*, 137 Ala. 624; *Montgomery-Moore Mfg. Co. v. Leeth*, 162 Ala. 246. Counsel discuss assignments of error relative to evidence but without citation of authority. Charge 1 was properly refused to plaintiff.—*Montgomery-Moore Mfg. Co. v. Leeth, supra*. On the same authority charges 2 and 3 were properly refused. Charge 4 is misleading.

—*Patterson v. The State,* 74 Ala. 34; *Adams v. The State,* 133 Ala. 175.

PELHAM, J.—The appellant and other creditors of P. S. McCutchen & Son had attachments issued out of the circuit court of Cullman county and levied on the stock of goods and other property while it was being moved by appellee from McCutchen's store in Baileyton, Ala., to the store of the appellee in Cullman, Ala. The appellee, who had purchased the stock of goods and other property from McCutchen & Son executed a claim bond and affidavit, and a trial of the right of property was had; the appellant being the plaintiff in the court below, McCutchen & Son, defendants, and appellee, G. S. Leeth, the claimant. The contention of the claimant is that he bought the property from McCutchen & Son, having paid an adequate consideration, and without knowledge or notice that McCutchen & Son sold the property for any fraudulent purpose or to hinder or delay their creditors; while the appellant, the plaintiff below, contends that the sale was with covinous intent and for the purpose of hindering, delaying or defrauding creditors, and that the claimant, Leeth, either participated in the fraud and had actual knowledge of a fraudulent intent on McCutchen's part or had knowledge or notice of such facts and circumstances as would put him on inquiry which, if pursued, would have brought knowledge of the fraudulent intent to him. This is the second appeal in the case.—*Montgomery-Moore Mfg. Co. v. Leeth,* 162 Ala. 246, 50 South. 210. The controverted propositions involved in the case on the trial related to the value of the property sold by McCutchen & Son to Leeth, and whether or not it was sold by McCutchen to Leeth with the fraudulent intent alleged, and, if so, whether or not Leeth had no-

tice of such fraudulent intent on the part of the seller to hinder, delay, or defraud his creditors.

The appellant propounded interrogatories to the appellee under the statute (Code, § 4049), and, before entering on the trial, made a motion for a judgment against the appellee under section 4055 of the Code of 1907 for failing to answer the fifth, sixth and tenth interrogatories, which the court ruled had not been sufficiently answered. The motion for judgment on the ground that there had been a failure to fully answer the interrogatories was overruled, and the court ordered full answers to be made, allowing the claimant and his attorney to withdraw to a jury room, against the objection of the appellant, where answers to the interrogatories were prepared.

There is a discretion conferred on the court by section 4055 of the Code of 1907 as to which mode it will adopt when full answers have not been filed (*Culver v. Ala. Mid. Ry. Co.*, 108 Ala. 330, 18 South. 827), and the action of the court in taking a recess or waiting until full answers were prepared under the court's direction and filed instead of continuing the case and delaying the trial to a subsequent day or term for full answers to be made to the interrogatories, as the court had the undoubted right and authority under the statue to do, constitutes no abuse of the discretion. In effect, the recess was a continuance for a sufficient time to allow full answers to be prepared and filed. This action of the court was entirely proper and worked no delay in the trial to another day or term, but expedited the trial of the case without injury or prejudice to any of appellant's rights. The purpose of the statute is to give parties in civil actions at law a remedy or right in the nature of a discovery as known to the courts of chancery (*Goodwater Warehouse Co. v. Street*, 137 Ala.

[Montgomery-Moore Mfg. Co. v. Leeth.]

621, 34 South. 903) ; and, if the answers are not full or are evasive, the remedy is under section 4055 of the Code which gives to the court a discretion to either attach the party in default and bring him into court and require full answers to be made in open court, or to continue the cause until full answers are made, or to direct a nonsuit or judgment by default as a penalty in consequence of the failure or default. In the case before us the party answering the interrogatories seems to have been personally present in the court, and there was no necessity for an attachment to cause him to come into court and answer fully. Moreover, the party was examined on the trial of the case as a witness, and the parties to the suit had full opportunity to avail themselves of the right to propound questions to him upon all matters within his knowledge touching the case, which, it would appear from the evidence set out in the bill of exceptions, was not scantily taken advantage of, and the rights of the parties could hardly be said to be prejudiced by some of the answers to the interrogatories not being based entirely upon the personal knowledge of the party and not responsive in all particulars to the interrogatories propounded, when it appears the party answering the interrogatories was examined fully and in detail orally on all these matters as a witness on the trial. The answers to the interrogatories appear to be a reasonably fair attempt to be responsive and to fully state the knowledge of the party in reference to the matters inquired about, and show no disposition to evade answering any question propounded, as we read them. It is plain that appellant suffered no detriment from the denial of his various motions relating to the answers to the interrogatories propounded under the statute to the appellee, and the court committed no error in overruling them.

In excluding, on the motion of the appellee, the statement made by the witness Williamson "that fellow asked if Mr. Leeth was coming," the trial court was but conforming to the ruling of the Supreme Court on the former trial. The statement was not shown by the evidence introduced on the trial up to the time of the court's ruling to be admissible as part of the res gestæ, nor do we think the evidence subsequently introduced, as pointed out by appellant and contended for in his brief, made the statement admissible or relieved it from being immaterial to the issues.

The trial court can not be put in error for sustaining the objection to the question asked the witness Williamson as to the major part of the stock consisting of shoes, as the question was leading and suggestive. Allowing leading questions is a matter largely, if not entirely, within the discretion of the trial court.—*Barlow v. Hamilton*, 151 Ala. 634, 44 South. 657.

Appellee's objection to the question asked the witness Griffin by appellant, "Did you make any further negotiations about buying it?" was properly sustained. The question seemingly called for a conclusion of the witness, and it was not shown or in any way made to appear to the court what facts the plaintiff expected to elicit as an answer. Unless it clearly appears that the answer would be admissible and relevant, it is not error to sustain an objection to the question.—*Brent v. Baldwin*, 160 Ala. 635, 49 South. 343; *Pittman v. State*, 153 Ala. 1, 45 South. 245.

The uncommunicated purpose of the witness Whaley in keeping a guard over the goods was incompetent and properly excluded on motion of the appellee. It is not permissible to allow a witness to testify to his undisclosed intention.—*Barnewell v. Stephens*, 142 Ala. 609,

38 South. 662; *Reeder v. Huffman,* 148 Ala. 472, 41 South. 177; *Smith v. State,* 145 Ala. 17, 40 South. 957.

The statement of the witness Allgood "he seemed to be looking for shells" was a mere conclusion of the witness, and clearly inadmissible. A witness should not be allowed to testify what another person seemed to be doing or trying to do.—*B. R. L. & P. Co. v. Randle,* 149 Ala. 539, 43 South. 355. Even had it been error to exclude this conclusion of the witness Allgood, it was without injury, as the witness Leeth, when examined later, tesified that on the occasion referred to he was looking for shells. Nor was the evidence of Allgood on this matter of any importance or calculated to shed any light on the issues before the court.

The objection of the appellee to the questions asked the witness Griffin upon being recalled as a witness for the appellant in reference to a conversation with Mc-Cutchen was property sustained. The claimant was not present, and the conversation was with reference to a separate and different transaction from the sale in question of McCutchen to claimant. The conversation is not shown to be a part of the same conversation brought out as new matter when the witness was under cross-examination in his examination in chief, and there was nothing to put the court on notice that the facts sought to be proven were part of a conversation which had been brought out as new matter while the witness was on cross-examination on a prior occasion; nor does this fact affirmatively appear from the testimony set out or from the statement made by the appellant's counsel on the trial, but, on the contrary, the counsel on the trial stated a different reason to the court as a purpose for offering part of this evidence, and there was no statement or .other circumstance informing the court that it was part of a previous conver-

sation brought out by appellee that was being inquired about, and the question asked gives no indication of the fact.

The objection to the question seeking to show the kind of goods, etc., in the store in July prior to the sale in January following was properly sustained, as proof of the value of the goods in the store in July was too remote in time to be taken as a basis on which to form an estimate of the value of the goods that were in the store in January at the time of the sale in question.

The declarations testified to by Leeth as having been made to him by McCutchen while negotiating for the purchase in question were admissible as being part of the transaction the bona fides of which was in issue. It was also competent as part of the same conversations that had been brought out by appellant when it introduced the deposition of McCutchen in evidence. The appellant had previously also introduced the answers to the interrogatories propounded to Leeth containing practically the same statements. And that both the appellant and appellee regarded these declarations as part of the res gestae of the transaction on the former as well as this trial is evident from the interrogatories propounded by appellant to Leeth and McCutchen, and the introduction of Leeth's testimony given on the former trial in this trial as to these declarations for the purpose of contradiction.

Appellant's objection to the question asked the witness Leeth with reference to the depreciation in value of a remnant stock of goods or secondhand stock or bankrupt stock on the ground that there was no evidence of the stock being a bankrupt stock is not available, in that it goes to the entire question and not alone to the question of a bankrupt stock, and there was evidence upon which the hypothesis of a remnant stock or

certainly a secondhand stock could be correctly predicated. The question and answer included an estimate of value upon a remnant or secondhand stock of goods; and, there being evidence to support such a hypothesis, and the objection going to the entire question, the court properly overruled it. On the former appeal, the Supreme Court held it to be error to allow proof of a remnant stock of goods in absence of proof that the stock was a remnant stock, but the bill of exceptions on this appeal shows Leeth testified that it was a remnant stock of goods. If part of an answer is admissible, an objection to the question as a whole may be overruled. The court is under no duty to separate the legal from the illegal.—*Weaver v. State*, 139 Ala. 130, 36 South. 717; *Longmire v. State*, 130 Ala. 66, 30 South. 413; *Hill v. State*, 146 Ala. 51, 41 South. 626.

Proof of the sale of the cow was merely a circumstance and properly allowed for the purpose of being considered in connection with all the other evidence to prove the value of the animal. Besides, the exception to the action of the court in overruling the appellant's objection is shown to have been taken after the witness answered the question, and is not available.

The written charges, respectively, asked by the different parties, some of which are given and some refused, are not numbered or designated as required, and, while not fatal to the charges, it renders it difficult to refer to and discuss them properly without some embarrassment.—*Gibson v. State*, 89 Ala. 121, 8 South. 98, 18 Am. St. Rep. 96; *So. Ry. Co. v. Cofer*, 149 Ala. 565, 43 South. 102.

The first charge appearing in the record as requested by appellant and refused by the court, and made the ground of the thirty-fourth assignment of error, can be read as not including in the hypothesis, but

stating as a fact, that McCutchen was selling his property and converting the proceeds into money for the purpose of getting it beyond the reach of creditors, a controverted fact on which the evidence was in conflict.

The charge does not limit the property sold by Mc-Cutchen to the property in question that was purchased by Leeth, but only predicates "his property," and the sale of other property by McCutchen for the purpose of converting it into money with the intent to place the proceeds derived from its sale beyond the reach of creditors would not, as a matter of law, make the sale of different property at or about the same time to Leeth void. The evidence in the bill of exceptions shows that McCutchen had made sales of other property at or about the time of the sale to Leeth. The court was not in error in refusing the charge.

The second charge set out as requested by appellant and refused by the court, and made the ground of the thirty-fifth assignment of error, is subject to the same criticism as made to the charge above discussed as to not limiting the property sold to that purchased by Leeth. The charge is not a clear statement of legal principles, such as would put the court in error for refusing it, and the legal principles contained in the charge are covered by other charges given at appellant's request.

The third charge set out, and made the ground of the thirty-sixth assignment of error, is faulty for the same reasons given in discussing the first refused charge.

The fourth charge set out as refused, being the thirty-seventh ground of error assigned, also predicates "his property" as sold by McCutchen, without regard to its having been the property purchased by Leeth, being sufficient as a matter of law to make the sale to Leeth

[Montgomery-Moore Mfg. Co. v. Leeth.]

void. The evidence set out in the bill of exceptions shows that McCutchen had sold off a part of the stock of goods to other parties before selling to Leeth. McCutchen testified: "The stock had been reduced a good deal before we sold to Leeth. I should think $300 or $400 and maybe $500." He also testified: "I sold the horse to Gus Gay. * * * I had about 1,000 pounds of seed cotton, * * * which I carried to Cullman and sold. I sold the telephone outfit through my son to a man in the community. * * * I sold practically all the property I owned, and left Baileyton, Ala., the same day I sold to Leeth. * * * I did sell three yearlings to a man by the name of Scott. We disposed of about all of our property about the time we sold the stock of goods to Leeth." The charge fails to restrict the right of recovery on this proposition to the property sold by McCutchen to Leeth, and the evidence shows the sale of property to other parties by McCutchen to which the principle would not apply. For the reasons given, the court cannot be put in error for refusing the charge, and it is unnecessary to consider other objections urged, and we are not to be understood as passing on those questions.

There was no error committed by the court in giving, at the instance of the appellee, the two written charges set out in the record. One of these charges is exactly the same charge passed on by the Supreme Court as not constituting reversible error on the former appeal, and the other states a correct proposition of law.

After a careful examination of all the evidence set out in the bill of exceptions, we are unwilling to say that the trial court was in error in refusing to set aside the verdict and grant appellant a new trial. It is not enough in reviewing the question here that the verdict was against what appears to be the weight of the evi-

dence to put the trial court in error for refusing to grant a new trial, as the court, having had the witness before it, as has often been said, had a better opportunity of judging of their credibility, and the weight to be accorded their testimony. It has been the settled law of this state since the rule was laid down in the case of *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, that to authorize a reversal by this court of a judgment of the trial court denying a motion for a new trial there must have been a plain and palpable failure of the evidence to. support the verdict.—*Cobb v. Malone, supra; Bingham v. Davidson,* 141 Ala. 551, 37 South. 738; *Lyon v. McGowan,* 156 Ala. 462, 47 South. 342; *Montgomery T. Co. v. Haygood,* 152 Ala. 142, 44 South. 560. We are unable to say, after allowing all reasonable presumptions in favor of its. correctness, that the preponderance of the evidence against the verdict is, so decided as to clearly convince the court that it is wrong and unjust.

The assignments of error are not well taken, and the case will be affirmed.

Affirmed.