# Moton v. The State.

## Murder.

(Decided June 30, 1915.   69 South. 235.)

1. *Appeal and Error; Review; Presentation.*—Where no question was raised before the trial court with respect to the special venire, or the organization of the jury, and the order showed compliance with the statute, these matters cannot be reviewed on appeal, and should not be included in the transcript. (Rule 27, Sup. Ct. Pr.)

2. *Homicide; Evidence; Threats.*—It is admissible to show that defendant made threats against deceased just prior to the killing.

3. *Same.*—Where the witness answered in the negative, there was no harm in overruling an objection to the question to the witness as to whether defendant made threats against deceased.

4. *Evidence; Intent; Motive.*—A defendant cannot state in direct testimony his secret intent or undisclosed motive for leaving home.

5. *Witnesses; Impeachment; Cross-Examination.*—Where defendant took the stand in his own behalf, he may be cross-examined as to whether or not he had been convicted of forgery, since that is a

crime involving moral turpitude, affects his credibility, and is within the purview of sections 4008-9, Code 1907.

6. *Homicide; Evidence; Declaration.*—It was permissible to show a statement made by defendant, that if called upon to testify, he would tell who gave him the pistol to do the killing, the same being a voluntary, incriminating declaration.

7. *Same; Instruction; Self-Defense.*—Charges based upon the right to self-defense in a homicide case, which failed to predicate defendant's right to kill upon his freedom from fault in bringing on the difficulty, and his inability to retreat, are properly refused.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Jim Boy Moton was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The evidence tends to show that the defendant killed Amos Meredith by shooting him with a pistol; the killing occurring at the Louisville & Nashville station at Blocton, in Bibb county, soon after the defendant and the deceased had gotten off an excursion train at that point. There was no dispute about who did the killing, but there was a dispute as to the circumstances; the defendant offering some evidence tending to show self-defense.

The following charges were refused the defendant:

(1) I charge you that, if after looking at all the evidence in this case your minds are left in such a state of doubt or uncertainty that you cannot say beyond a reasonable doubt whether or not the defendant acted upon the well-founded and reasonable belief that it was necessary to take the life of the deceased to save himself from great bodily harm or death, or that he shot before such impending necessity arose, then this is such a doubt as will entitle this defendant to an acquittal, and you should so find.

(2) If the jury believes from the evidence that the conduct of the deceased was such as to reasonably lead the defendant to believe that the deceased was about to inflict some bodily harm on his person, and that the

[Moton v. The State.]

defendant acted on such belief of great bodily harm, and fired the shot at the deceased and killed him, then you should acquit the defendant.

(25) If you believe from the evidence in this case that the defendant was free from fault in bringing on the difficulty, and that when the fatal shot was fired the defendant believed that he was in danger of death or great bodily harm, he had the right to protect himself from danger of death or great bodily harm and shoot the defendant.

C. D. Logan, for appellant.

W. L. Martin, Attorney General, and W. H. Mitchell, Assistant Attorney General, for the State.

PELHAM, P. J.—(1) The order of the court for a special venire as set out in the transcript shows a compliance with the statute in all particulars (Acts 1909, p. 305), and, no question being shown to have been raised before the trial court with respect to the regular or special venire, or the organization of the juries, it is not necessary, or, in fact, permissible, that the transcript should contain copies of the venires or show the organization of the juries (Supreme Court practice rule 27, 175 Ala. xx, 61 South. vii), and no question can be raised here as to these matters that was not ruled upon in the court below.

(2, 3) It would have been entirely permissible to show by the witness Andrew Williams that the defendant made threats against the deceased just prior to the killing, but, as the witness answered the solicitor's question seeking to elicit testimony showing threats in the negative, there could be, manifestly, no prejudicial error in the court's action in overruling the defendant's objection to the question.

(4) The solicitor's objection to the question propounded to the defendant by his counsel when being examined as a witness in his own behalf, "Why did you leave home?" was properly sustained, as calling for the secret and uncommunicated intention or motive of the defendant in leaving home. Such mental status is not the subject of direct testimony by the witness, but can only be shown as a matter of inference to be determined from the circumstances, and other relevant facts in the case.—*Gibbs v. State,* 156 Ala. 70, 47 South. 65; *Reeder v. Huffman,* 148 Ala. 472, 41 South. 177; *Montgomery v. State,* 2 Ala. App. 25, 33, 56 South. 92; *Seams v. State,* 84 Ala. 410, 4 South. 521.

(5) It was competent for the solicitor to prove by the defendant on cross-examination that he had been convicted of forging a check on one Dr. Fuller, as showing that he had been convicted of a crime involving moral turpitude, as going to his credibility as a witness.— Code, §§ 4008, 4009; *Roden v. State,* 3 Ala. App. 197, 58 South. 71.

(6) The inculpatory statement of the defendant made to the witness Cato Meredith to the effect that, if called upon to testify, he (defendant) would tell who gave him the pistol to do the killing, was admissible as an implied, if not a direct, admission that he committed the crime charged against him.—*Jackson v. State,* 167 Ala. 44, 52 South. 835. The facts and attendant circumstances under which the statement was made show that it was a voluntary declaration, and there was no ground for objection that the proper predicate was not laid for the admission.—*Morris v. State,* 146 Ala. 66, 41 South. 274.

(7, 8) The written instructions requested by the defendant were properly refused. Charge No. 2 omits to predicate retreat and freedom from fault on the part of the defendant, besides being otherwise subject to criti-

[Harper v. The State.]

cism. Trial courts are not required to give charges predicated upon the minds of the jury being left in a state of confusion or doubt (*A. G. S. R. Co. v. Robinson*, 183 Ala. 265, 62 South. 813), and charge No. 1 was well refused for this reason. Charge No. 25 omits the duty to retreat.

An examination of the entire record fails to disclose error in any ruling of the trial court.

The judgment appealed from is ordered affirmed.

Affirmed.