140 So. 448

### TURNER v. STATE.
### 7 Div. 121.

Supreme Court of Alabama.
March 17, 1932.

See also (Ala. App.) 140 So. 447.

L. H. Ellis, of Columbiana, for petitioner.

Thomas E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

FOSTER, J.

The general rule is well settled that "mental status is not the subject of direct testimony by the witness, but can only be shown as a matter of inference to be determined from the circumstances, and other relevant facts in the case. Gibbs v. State, 156 Ala. 70, 47 So. 65; Reeder v. Huffman, 148 Ala. 472, 41 So. 177; Montgomery v. State, 2 Ala. App. 25, 33, 56 So. 92; Seams v. State, 84 Ala. 410, 4 So. 521." Moton v. State, 13 Ala. App. 43, 69 So. 235, 236.

This general rule would ordinarily render incompetent the statement of a witness giving his uncommunicated motive or reason for leaving a community. But there is an exception to this rule. When a witness has admitted on cross-examination the use of certain expressions tending to discredit his testimony, he may on redirect examination in response to questions state what induced him to make such expressions, although it is but an uncommunicated motive. Johnson v. State, 102 Ala. 1, 16 So. 99; Anderson v. State, 104 Ala. 83, 16 So. 108; Campbell v. State, 23 Ala. 76; Kinsey v. State, 204 Ala. 180, 85 So. 519; Williams v. State, 123 Ala. 39, 26 So 521.

The principle has been applied to the motive for acts and conduct of the witness brought out on cross-examination which tended to impeach the credit of his testimony, as well

as his motive for making discrediting statements. They all are controlled by the same principle. Lowman v. State, 167 Ala. 57, 52 So. 538; Henry v. State, 107 Ala. 22, 19 So. 23.

█ The opinion of the Court of Appeals relates to a question propounded by the state to its witness on redirect examination: "Why did you leave that community?" The opinion states that on cross-examination the defendant called for statements by him as to why he left the community. This related to impeaching conduct of the witness. The redirect examination was within the exception above noted.

█ Petitioner does not insist that in respect to any other matter discussed in the opinion of the Court of Appeals there was error. We do not review the opinions of that court except upon questions discussed in them.

We think there was no error in the matter to which we have referred. The writ is therefore denied.

Writ denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.