# CASES

# ·SUPREME COURT OF ALABAMA

## Brooks *v*. The State。

*Rape.*

(Decided December 18, 1913. Rehearing denied February 5, 1914. 64 South. 295.)

1. *Rape; Assault to; Instructions.*—Where the prosecution was for an assault with intent to rape, a charge asserting that if the jury believed that defendant had no intention to forcibly ravish prosecutrix, but was merely trying to persuade her, when he· placed his hands on her without her consent, he could not be convicted, and that the jury must believe beyond a reasonable doubt, in order to. convict, that defendant intended at the time to satisfy his desires without her consent or by putting her in fear, should have been given.

2. *Same; Evidence; Delay.*—Where prosecutrix, on cross-examination, had admitted delay on her part in making complaint or instituting the prosecution, she was entitled to explain the same by detailing any facts or circumstances causing or contributing to the same, but could not state her intentions or uncommunicated motives.

(de Graffenried, J., dissents.)

CERTIORARI to Court of Appeals of Alabama.

Percy E. Brooks was convicted of an assault with intent to ravish, and appealed to the Court of Appeals, which court affirmed the judgment and sentence of the trial court, and he brings certiorari to review the action of the Court of Appeals. Writ awarded, and judgment of Court of Appeals, reversed and remanded, remanding the cause for a new trial.

For report of case see *Brooks v. The State,* 8 Ala. App. 277, 62 South. 569.

1—185

[Brooks v. The State.]

The following are the charges referred to:

Charge C: "If, from the evidence, you do not believe that the defendant had any intention to forcibly ravish Martha Ormond at the time he put his hands upon her, if you believe that he put his hands upon her, but that he was simply trying to persuade her to have sexual intercourse with him, and if from the evidence you believe the defendant did nothing more, you cannot convict him of an assault with intent to rape."

Charge 11: "The word 'intent' is not descriptive of a physical act, but describes the quality of the mind that induced or governed the act; and although you may believe from the evidence beyond a reasonable doubt that the defendant placed his hands upon the person of Martha Ormond without her consent, with a desire to satisfy his lustful passions, yet before you can find him guilty of assault with intent to rape you must believe beyond a reasonable doubt, from all the evidence, that at the time he intended to satisfy these desires without her consent and by force or by putting her in fear."

LANIER & PRIDE and R. E. SMITH, for petitioner. For insistence of counsel, see report of this case, 8 Ala. App. 277.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. For insistence of counsel, see report of this case, 8 Ala. App. 277.

ANDERSON, J.—We are of the opinion that the trial court erred in refusing the defendant's requested charges C and 11, and that the Court of Appeals erred in holding that the refusal of said charges was not reversible error. They were not subject to the criticism

made of them in the opinion of the Court of Appeals, and were not otherwise faulty. Nor does it appear that they were duplicated or so covered by the defendant's given charges as to render the refusal of same harmless error.

The defendant having brought out, upon the cross-examination of the prosecutrix, a delay on her part in instituting the prosecution, she had the right to explain said delay by a detail of any facts or circumstances causing or contributing to same, but not by stating her intentions or uncommunicated motives, and the trial court should observe this rule upon the next trial, in the event the defendant seeks to gain any advantage resulting from said delay.

Certiorari awarded. The judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further action in conformity with this opinion. All the Justices concur, except DE GRAFFEN- RIED, J., who dissents.

DE GRAFFENRIED, J.— (dissenting).—This case was carefully and thoroughly considered and determined by this court before the opinion of the court was written. The thorough examination by the whole court of the case before the preparation of the opinion would indicate that there should be no dissent by the writer from the conclusions which the court has reached. This is, however, an important case, and, while the writer feels that dissenting opinions should be sparely indulged in, nevertheless I am impressed with the fact that, in justice to myself, I should give expression to the views which impel me to dissent from the conclusion which, in this case, the court has reached.

1. It appears from the evidence that the prosecutrix is a young lady, who, at the time of the alleged assault,

was teaching a country school near Huntsville. The defendant is a married man who resided in the neighborhood, and his household seems to have consisted of himself, his wife, and his son, and his niece. The niece appears to have been the most intimate associate that the prosecutrix possessed in that ` neighborhood, and I gather from the evidence that, prior to the alleged offense, the prosecutrix was frequently at the home of the defendant, and that she was frequently with the defendant and his said niece. The defendant, at the time of the alleged offense, was 51 years old, and, while the age of the prosecutrix is not given, I gather from the evidence that the prosecutrix was a young woman, about the age of defendant's niece, and that there was much disparity between the age of the defendant and of the prosecutrix. In other words, I gather that the prosecutrix, an intimate associate of the defendant's niece, regarded the defendant as an old man, and that the jury had a right to infer from the evidence that, in her conversations and associations with him, the prosecutrix innocently said and did things which were indiscreet, thinking, when she said and did them, that the defendant, over 50 years of age, married, and the uncle of her best friend, would properly construe her motives in what she said and in what she did. On the other hand, there was evidence from which the jury had a right to infer that the defendant misconstrued these words and acts of the prosecutrix, and that he became obsessed with the idea that she intended by them to indicate to him that she was willing to assume intimate relations with him.

2. The evidence tends to show that on the night of the alleged offense the defendant, traveling alone in an automobile, went by the place where the prosecutrix boarded, and that she got into the automobile with the

defendant, who was to carry her to his home, where she intended to spend and did spend the night. The jury had a right to infer from the evidence that, after the prosecutrix joined the defendant in the automobile. and while they were traveling in the direction of his home, the defendant and the prosecutrix engaged in much badinage, and that at times the conversation infringed upon those rules of decorum which refinement and chastity indicate should at all times be observed. The jury had a right, also, from the evidence to infer that, while these parties were thus alone upon the highway in the night, the defendant placed his hands upon the person of the prosecutrix with the idea that he would thereby stimulate her sexual passions and induce her to consent to an act of sexual intercourse with him. The jury also had the right to infer that, after the defendant did this, he discovered that the prosecutrix would not consent to yield to his advances, and that then, after he had put his hands upon her, he continued the assault, forcibly placing his hands upon parts of her person where no hand, without the consent of the prosecutrix, had a right to be, and that he did this, his own sexual passions being aroused, for the purpose, by force, and against the will of the prosecutrix, to have sexual intercourse with her. In other words, I think that the jury had the right to infer that, when the defendant first put his hands on the person of the prosecutrix, he did so with the idea of leading her into consenting to submit to his desires, but that, before he took his hands off of her person, he continued the assault with the purpose of ravishing her.

3. The above being the condition of the evidence, the trial court refused to give to the jury the following written charges:

"(11) The word 'intent' is not descriptive of a physical act, but describes the will that induced or governed the act and although you may believe from the evidence, beyond a reasonable doubt, that the defendant placed his hands upon the person of Martha Ormond without her consent, with a desire to satisfy his lustful passion, yet, before you can find him guilty of an assault with intent to rape, you must believe beyond a reasonable doubt, from all the evidence, that at the time he intended to satisfy these desires without her consent, and by force, or by putting her in fear."

"(C) If from the evidence you do not believe the defendant had any intention to forcibly ravish Martha Ormond, at the time he put his hands on her, if you believe he put his hands on her, but that he was simply trying to persuade her to have sexual intercourse with him, and from the evidence you believe the defendant did nothing more, you cannot convict him of an assault with intent to rape."

The trial court, however, gave the jury the following written charges at the defendant's request:

"(8) Although you may believe from the evidence beyond a reasonable doubt that the defendant is guilty of an assault, or an assault and battery upon the person of Martha Ormond, yet, before you can find him guilty of an assault with intent to ravish, you must believe beyond a reasonable doubt that, at the time he made the assault upon her, he intended to ravish her."

"(12) The nature of the charge of an assault with intent to rape presupposes that the intent of the defendant was not carried out. It is therefore necessary, before he can be convicted of such an offense, his acts and conduct should be shown to be such that there can be no reasonable doubt as to the criminal intent. If these acts and conduct are equivocal or equally con-

[Brooks v. The State.]

sistent with the absence of the felonious intent charged in the indictment, then it is clear that they are insufficient to warrant a verdict of guilty of an assault with intent to rape."

"(XX) If you believe from the evidence that the acts of the defendant at the time he placed his hand or hands on her person were consistent with the theory that he intended to gratify his passions with her consent, then you cannot find him guilty of an assault with intent to ravish."

4. In my opinion, as applied to the facts of this case, given charges 8, 12, and XX, above set out, completely covered the defendant's case. It is true that in refused charge 11, above set out, the trial judge was requested, among other things in the charge, to define the word "intent," and the given charges do not define that word. While the word "intent" is frequently defined by law writers, the definition is the same definition which is given by lexicographers to that word, and as to that matter is the same definition which is given the word by every person of even less than mediocre intelligence. I think that the little child who, in play with his mate, accidentally hurts him, and who says to that mate, "I did not intend to hurt you," understands that "the word 'intent' is not descriptive of a physical act, but describes the will that induced or governed the act." In other words, I think that every person who possesses sufficient intelligence to meet the requirements of the new jury law as to the qualification of jurors knows that the word 'intent' is not descriptive of a physical act, but describes the will that induced or governed the act." I therefore think that charge 11, refused to the defendant, was fully covered by charges 8, 12, and XX, which were given to the jury at the written request of the defendant.

5. I think, without discussion, that refused charge C was plainly covered by given charges 8, 12, and XX, given at the defendant's request.

For the above reasons, I dissent from the views of the majority of this court and think that the judgment should be affirmed.

6. By nothing that I have above said did I intend, in the slightest, to indicate my opinion as to the weight of the evidence in this case, or to indicate, in any way, my opinion as to whether the defendant, under the evidence, is guilty of the grave offense charged in the indictment. The above discussion is given simply for the purpose of showing my reasons for dissenting from the conclusion of the court that the trial judge committed reversible error in refusing to give charges 11 and C to the jury.