145 So. 160

## STEWART v. STATE.
### 7 Div. 161.

Supreme Court of Alabama.

Dec. 22, 1932.

· Merrill, Jones, Whiteside & Allen, of Anniston, opposed.

Thos. E. Knight, Jr., Atty. Gen., and Bibb & Woolf, of Anniston, for petitioner.

FOSTER, J.

The refused charge copied in the opinion of the Court of Appeals is in substantially the language approved by this court in Letcher v. State, 159 Ala. 59, 48 So. 805, 17 Ann. Cas. 716, and in the exact language approved by the Court of Appeals in Gilbert v. State, 20 Ala. App. 565, 104 So. 45.

We have again considered it in the light of the fact that in it, while there is no direct statement that the reasonable doubt must arise out of the evidence, it is stated that such doubt must arise after considering all the evidence. True it may be that a doubt may otherwise arise, though the evidence is all considered, but such is not the reasonable interpretation of the charge. We see no reason now to assert a conclusion different from the approval which has been given to a like charge.

On account of the rules which we have established respecting our review of the opinions of the Court of Appeals, we cannot look into the record of the case to ascertain if the charge is otherwise embraced in given charges when the Court of Appeals makes no reference to that subject. This court will not review the Court of Appeals in its application of rule 45 to an error made by the trial court, unless the facts are stated in the opinion as those upon which it acted in making such application of that rule (Birmingham So. R. R. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339; Ex parte First National Bank, 206 Ala. 394, 90 So. 340); and, if the Court of Appeals did not mention rule 45, nor the doctrine of error without injury, "the responsibility [it is said] must rest with that court, for this court will

not look to the record to find a basis for reviewing its action in that regard" (Ex parte Steverson, 211 Ala. 597, 100 So. 912, 914). For that reason we cannot examine the record to see if a refused charge is otherwise given by the court. That responsibility is with the Court of Appeals.

As therefore the judgment of reversal rendered by the Court of Appeals must be affirmed, it is not necessary to consider the other questions discussed in the opinion argued on this application, as they will likely not occur on another trial in the same form as now presented, as they also involve a consideration of injury, assuming error.

We wish, however, to reaffirm, in connection with one matter so treated, what is said in Brooks v. State, 185 Ala. 1, 64 So. 295, that, when defendant shows that the prosecutrix delayed making complaint, the state had the right to have her explain such delay by a detail of facts and circumstances causing or contributing to it. See, also, Turner v. State, 224 Ala. 345, 140 So. 448. We believe this court has not considered the materiality of evidence that the prosecutrix did not make complaint or delayed making it for an unreasonable time when the charge does not involve the question of consent. Such testimony (of no complaint) is said to be in effect a self-contradiction, a sort of assertion, by silence, that nothing violent had been done. In order to rebut an inference of that kind, from want of evidence of it, primary evidence by the state that she did make complaint is admissible. 2 Wigmore on Evi. § 1135, p. 655. This rule is therefore said to apply to any sexual crime alleged to have been committed with violence (Commonwealth v. Colangelo, 256 Mass. 165, 152 N. E. 241), though her want of consent is not an element of the charge (Coplin v. People, 67 Colo. 17, 185 P. 254; 2 Wigmore on Evi. § 1135, p. 657; 52 Corpus Juris, 1063–1065, 1069; State v. Wilcox, 111 Mo. 569, 20 S. W. 314, 33 Am. St. Rep. 551). But, in case of a child, absence of complaint may be of little weight. 22 R. C. L. 1217.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.