78 So.2d 816

James PYLES

v.

STATE of Alabama.

7 Div. 250.

Supreme Court of Alabama.

Nov. 11, 1954.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., Owen Bridges, Montgomery, of counsel, for petition.

Merrill, Merrill, Vardaman & Matthews, Anniston, opposed.

SIMPSON, Justice.

This is a petition for certiorari by the State to review the opinion and judgment of the Court of Appeals, which reversed the trial court on the exclusion of some evidence offered at a murder trial.

 The defendant was indicted for murder in the first degree and convicted of manslaughter in the first degree. The evidence tended to show that the defendant went to the home of the deceased on the day of the altercation and inquired whether or not defendant's wife was there. It was contended by the defendant that his wife, who had been away from home since the day before, was at that time inside deceased's house. Evidence offered by the State tended to show that the defendant's wife was not in deceased's house at the time of the fatal difficulty. The facts, as stated in the opinion of the Court of Appeals, indicate that the defendant's wife on cross-examination testified that she was in the front room of deceased's house when the defendant called for her but that she didn't say anything to her husband at that time. On redirect the defense asked her this question: "Will you tell us why you didn't come out the first time he called for you?" The trial court sustained an objection to this inquiry and it was for this action that the Court of Appeals reversed. The cases cited by the Court of Appeals in support of its holding recite the general proposition that when a witness admits having made statements or done acts contradictory of or discrediting to his testimony, the other party may inquire fully into the transaction or conversation and bring out the whole of it. These authorities do not impress us as applicable to the situation here presented, as there was no "transaction" or "conversation" to be brought out by the inquiry. There is a general rule of exclusion in Alabama that a witness cannot testify to his own intent or state of mind. See McElroy, Admissibility, in Alabama, of a Witness' Testimony to His Own Intent or Other State of Mind, I Alabama Lawyer 221 (1940). The testimony sought to be elicited by the question propounded by counsel for the defense comes within this general rule of exclusion. Counsel for the defense seek to uphold the Court of Appeals decision in this case by saying that the testimony also comes within an exception to the rule, the exception being that when a witness on cross-examination admits having made statements or done acts which are contradictory or discrediting to his testimony, he may testify on redirect as to what his motive or reason was for having made the contradictory statements or done the contradictory acts (McElroy, supra, at 231) and that the witness' statement that she did not call out to her husband when he called for her was contradictory to her statement that she was in the house and heard him. From the facts as set out in the opinion of the Court of Appeals it does not appear that failure to speak up was inconsistent with her presence in the house. In Kinsey v. State, 204 Ala. 180, 85 So. 519, it was held that a witness could testify as to uncommunicated motive or intent in explaining an act or statement proven by others which tended to contradict statements testified to by the witness. But in that case the statements "proven" by others were admitted by the witness, the situation being the same as if they were first brought out on cross-examination. In this case the testimony of the State's witnesses that the defendant's wife was not in the house was strenuously denied by the witness. If it were admitted there of course would be no inconsistency. It not being admitted, the case does not come within the exception—it is just another controverted fact in the trial of a case. The question before us seems to be simply whether or not the rule of exclusion shall be any longer adhered to. Since it has been a part of our law for so long and the pros and cons of its beneficence and propriety have been recanvassed in many of our recent decisions and its status quo maintained, we are not disposed to thus allow it to be removed by the process of attrition by engrafting on the rule exceptions to it.

Reversed and remanded.

All the Justices concur except LIVINGSTON, C. J., who dissents.