122 So.2d 523

**Amos ANDERSON**

**v.**

**STATE.**

**4 Div. 405.**

Court of Appeals of Alabama.

April 5, 1960.

Rehearing Denied May 10, 1960.

Smith & Smith, Phenix City, for appellant.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been adjudged guilty of robbery. His motion for new trial being overruled, he perfected this appeal.

The State's case is dependent upon the testimony of Ralph Lake.

Mr. Lake testified that early on the morning of 7 November 1958, this appellant came into his well lighted store in Phenix City, pulled a pistol on him and robbed him of some two hundred dollars.

Mr. Lake further testified that during the time the appellant was in his store he noticed his color, his build, and clothing, and watched his walk. According to Lake the appellant, during the robbery and as he was leaving the store, walked with a kind of "wobble" or with a "turtle walk."

On 15 December 1958, Lake was driven to the Sheriff's office in Phenix City to observe some men the Sheriff had there.

There were several colored men in the Sheriff's office and Lake testified that he had recognized the appellant as soon as he saw him. He kept the appellant under observation for some two hours, and was careful to note his manner of walking.

On cross-examination Mr. Lake testified that at the Sheriff's office he talked to the appellant concerning the robbery. He asked the appellant if he had a 38 caliber blue steel revolver and the appellant said that he did not. Lake told the appellant that if, while on his trips as a truck driver, he heard others mention anything about any hold-ups in Phenix City, he would give the appellant twenty-five dollars if he reported such information to him. Lake gave the appellant a card with his name and telephone number thereon.

During this cross-examination Mr. Lake further testified that the appellant was not arrested upon the occasion of his visit to the Sheriff's office on 15 December 1958, and that a warrant for appellant's arrest was not issued until 24 January 1959.

Thereafter Lake was repeatedly examined by each party. These examinations were continuing affairs, and there was much colloquy between counsel.

After careful reading and re-reading we think that the record discloses that it was developed by the cross-examination of Mr. Lake that the warrant was not issued for the arrest of the appellant for some six weeks after Mr. Lake interviewed the appellant in the Sheriff's office and gave to the appellant the card with his name and telephone number thereon, and offered the appellant twenty-five dollars for any information he might pick up concerning the robbery.

Over the appellant's strenuous objection, the State was permitted to elicit from Mr. Lake his uncommunicated reasons for his delay in procuring the warrant.

In this connection Mr. Lake testified in effect that, though he knew the appellant to be guilty, he desired to procure more evidence.

The defense was directed toward establishing an alibi and in addition to the appellant, his employer Mr. Wade Vance of Greenwood, Mississippi, testified as to the appellant's being in Greenwood on November 7, 1958.

The above conflict in the evidence presented a question of fact solely within the province of the jury to resolve. However, the action of the court in permitting Mr. Lake to testify as to his uncommunicated reasons for the delay in procuring the arrest of the appellant involves legal principles the correctness of which must be determined.

The above evidence was admitted by the lower court on the basis of allowing the rehabilitation of the witness Lake because of any discredit to his testimony arising from the delay in procuring the warrant for appellant's arrest brought out on cross-examination.

If the rehabilitation principle were to govern solely, then we think the court's ruling would have been proper.

However, there is also involved in the ruling the so-called rule of exclusion, to the effect that a witness cannot testify to his own intent or state of mind even though the same be material.

It is not our purpose to enter into any discussion of the so-called rule of exclusion, existing in Alabama and in no other jurisdiction. Certainly we will not attempt to reconcile the decisions, for they, in the opinion of the writer, cannot be reconciled. A full discussion of the rule of exclusion may be found in the very excellent dissenting opinion of Chief Justice Livingston in McGuff v. State, 248 Ala. 259, 27 So.2d 241, and the rather definitive article by the Hon. J. Russell McElroy, Judge of the 10th Judicial Circuit, to be found in 1 Ala. Lawyer, page 221.

As late as Pyles v. State, 262 Ala. 1, 78 So.2d 816, 817, our Supreme Court reaffirmed its adherence to the rule of exclusion and in reversing this court wrote:

"The question before us seems to be simply whether or not the rule of exclusion shall be any longer adhered to. Since it has been a part of our law for so long and the pros and cons of its beneficence and propriety have been recanvassed in many of our recent decisions and its status quo maintained, we are not disposed to thus allow it to be removed by the process of attrition by engrafting on the rule exceptions to it."

The question in the Pyles case, supra, was also concerned with the rehabilitation of a witness.

In our research we have found that in Brooks v. State, 185 Ala. 1, 64 So. 295, 296, the late Chief Justice Anderson made the following observation:

"The defendant having brought out, upon the cross-examination of the prosecutrix, a delay on her part in instituting the prosecution, she had the right to explain said delay by a detail of any facts or circumstances causing or contributing to same, *but not by stating her intentions or uncommunicated motives,* and the trial court should observe this rule upon the next trial, in the event the defendant seeks to gain any advantage resulting from said delay." (Italics ours.)

So far as our research has developed this doctrine to be found in Brooks v. State, supra, has not been departed from. It is a clear statement to the effect that a witness will not be permitted to state his uncommunicated reasons and motives for delay in making a complaint, or, we add, in swearing out a warrant.

The above doctrine is decisive of this case. We are bound thereby.

Reversed and remanded.