287 So.2d 923

**In re Joe Eddie WALKER**

**v.**

**STATE of Alabama.**

**Ex parte Joe Eddie Walker.**

**SC 441.**

Supreme Court of Alabama.

Nov. 8, 1973.

John M. Heacock, Jr., Huntsville, for petitioner.

No brief for the State.

FAULKNER, Justice.

It is almost inconceivable in this so-called age of enlightenment that one person would be killed by another in an argument over the trivial subject of who is to cook the chicken. But, that is what happened in this case.

Joe Eddie Walker was convicted of murder in the second degree by a jury in the Circuit Court of Madison County, Alabama who set his punishment at 99 years imprisonment. The case arose out of a bizarre set of facts.

In the early evening, on September 5, 1970, Walker, his wife, and children, accompanied by another couple drove around the community visiting folks. At approxi-mately 8:00 or 9:00 P.M. they stopped at a bootlegger's house and began "bottling around." They consumed a quantity of beer, wine, and whiskey. They left there and proceeded to the Walker house in the other couple's automobile.

Upon arriving at their house, the Walkers departed their friends' automobile. At that time Walker's wife and the other woman had some "fussing and cussing" between them. The other couple left. When they entered the house, Walker asked his wife to cook him some chicken. She told him to cook it himself. He told her again, " 'You go in the kitchen like I said and cook that chicken.' " She said, " 'You cook it your own damn self.' " With that rebuke, Walker walked to his bedroom to get his shotgun which was loaded with #4 shot. Mrs. Walker got a beer bottle and an iron skillet from her kitchen. The battle began. As Mrs. Walker was advancing on Walker, he fired a shot which hit the door. Instead of retreating, Mrs. Walker advanced further toward Walker with her bottle and skillet, saying, " 'Joe you done shot me. You just got to kill me now.' " Walker complied, and shot her dead. Under this and other evidence in the case the question was whether Walker killed in self defense. The jury was not convinced. Walker filed an appeal to the Court of Criminal Appeals. Counsel for Walker on appeal was not the same as counsel for him at the trial. Walker, being an indigent, was provided a transcript at State expense.

One of his assigned errors on appeal was that the transcript did not contain the closing arguments of counsel. A second ground alleged that defendant was not allowed to cross-examine a State's witness as to his motive and intent. A third ground in the petition alleges that the original judgment entry did not show that defendant's counsel was present with him at the time of sentencing and that it was amended nunc pro tunc by the trial court after issuance of a writ of certiorari by the Court of Criminal Appeals, to show counsel

present with defendant when he was sentenced.

There were two writs of certiorari issued by the Court of Criminal Appeals on application of the State for correct copy of records of the Circuit Court of Madison County to show whether defendant was represented by counsel at the time the jury returned the verdict and at the time he was sentenced, and for certification of a true and correct copy of the records of the Circuit Court showing the corrected judgment entry in conformity with the amendment nunc pro tunc ordered by the trial court and a writ of certiorari issued on application of Walker directed to the Clerk of Madison County Circuit Court requiring him to forward to the Court of Criminal Appeals a certified copy of the judgment entry made by the Circuit Court concerning the sentencing of Walker.

Pursuant to the issuance of these writs by the Court of Criminal Appeals, there was duly certified to it the order of the trial judge amending the original judgment entry nunc pro tunc reflecting that counsel was present at the time the jury verdict was returned and at the time of sentencing, and affidavits of the Assistant District Attorney and trial counsel for Walker supporting the nunc pro tunc amendment; judgment entry as amended showing that counsel for Walker was present when the jury verdict was returned and at the time of sentencing; original judgment entry which failed to show that counsel for Walker was present when the jury verdict

was returned against him and at the time of sentencing.

Counsel for Walker moved to strike the order of the trial judge amending the judgment entry nunc pro tunc, and the affidavits supporting that amendment, and the amended judgment entry. The date shown on the original judgment entry is February 16, 1971. The amended judgment entry is dated June 20, 1972. The affidavit of the Assistant District Attorney is dated June 6, 1972, while the affidavit of trial counsel for Walker is dated June 7, 1972. The Court of Criminal Appeals affirmed. We granted certiorari.

These grounds in the petition for certiorari will be taken up in order of their appearance in the petition.

### I. Transcript of Closing Arguments

Petitioner states in his petition that the decision of the Court of Criminal Appeals is in conflict with prior decisions of this court on the same point of law.

The Court of Criminal Appeals held that the court reporter in reporting the case was not required to report arguments of counsel. Our statute on this subject is Title 13, § 262, Code of Alabama 1940, Recompiled 1958.[1] There is no mandate in the statute requiring the court reporter to take stenographic notes of arguments of counsel. This court stated in Embrey v. State, 283 Ala. 110, 214 So.2d 567 (1968) if counsel wishes to preserve for review any

---

1. § 262. Duties of court reporter.—The official court reporter shall attend in person, except as otherwise herein provided, the sessions of court held in the circuit for which he is appointed, and in every case where directed by the judge or requested by a party thereto, he shall take full stenographic notes of the oral testimony and proceedings, except argument of counsel, and note the order in which all documentary evidence is introduced, all objections of counsel, the rulings of the court thereon, and exceptions taken or reserved thereto. When directed by the said judge he shall attend the investigations of the grand jury and there take such notes of the testimony as directed by the solicitor or

foreman. The original stenographic notes of such court reporter in each case or proceeding officially reported shall be preserved by him and treated as a part of the records of the respective courts, and upon his retirement from office, shall be turned over to the clerks of such courts. In equity cases where the testimony is taken orally before the judge, the court reporter, whenever ordered by the judge, shall transcribe his stenographic notes of such oral testimony, and file same in the cause. For such transcript of his stenographic notes the court reporter shall be paid a fee of ten cents for each hundred words thereof, which shall be taxed as a part of the costs in the case.

ruling of the trial court made during closing arguments, he must object and point out to the court that portion of the argument to which he objects. When that is done it is made a part of the record. Without this we have nothing to review.

In Griffin v. Illinois, 351 U.S. 12, 76 S. Ct. 585, 100 L.Ed. 891 (1955), the Supreme Court of the United States held that indigent defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts. This holding rested on the constitutional guaranties of equal protection and due process. In Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), the U. S. Supreme Court, citing *Griffin*, again stated that the State must provide the indigent as adequate and effective appellate review as that given appellants with funds. This means, the court said, that the State must afford the indigent a record of sufficient completeness to permit proper consideration of his claims. However, the court stated that a " 'record of sufficient completeness' does not translate automatically into a complete verbatim transcript." Other means may be found by the State to afford an adequate and effective review to the indigent. In Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), the U. S. Supreme Court held that the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense on appeal.

■ We are of the opinion that the decision of the Court of Criminal Appeals is not in conflict with prior decisions of this court or the Supreme Court of the United States. That court has recognized the financial burden placed on the States by holding that an alternative to a transcript may provide for an adequate and effective appellate review. This State has been most liberal in providing transcripts for indigent defendants. There is nothing in the transcript here, afforded defendant by the State, to show that he may have been prej-

udiced by the closing argument of counsel. If he had been prejudiced by any remark of counsel in the closing argument, trial counsel could have objected and requested the trial court to direct the court reporter to take notes of the objectionable remarks. In that way this court would have a record to review. We cannot speculate on what was said or might have been said by counsel in the closing argument. Counsel must point out to the reviewing court, in the record, the error complained of; otherwise we would end up in a mad maze of conjecture and speculation. Our statute providing for the duties of court reporters in taking stenographic notes makes no distinction between a "paying" defendant and an indigent defendant.

## II. *Cross-examination of Witness as to His Motive and Intent*

■ Petitioner alleges error in the trial court's sustaining the State's objection to questions on cross-examination of officer Eddy as to why he did not attempt to locate missing pieces of an iron skillet found at the scene of the crime. Eddy had testified that there was a hole in the iron skillet, but that he did not look for any of the missing pieces to it. Apparently the missing pieces were important to defendant under his plea of self defense.

The Court of Criminal Appeals in upholding the trial judge's ruling cited as its authority Hardie v. State, 260 Ala. 75, 68 So.2d 35 (1953) and Pyles v. State, 262 Ala. 1, 78 So.2d 816 (1954).

In *Hardie* the defendant was asked on *direct* examination whether just before the killing he was "excited", "frightened" or "nervous". Objection by the State was sustained. In *Pyles* the witness was asked on *re-direct* examination the question, " 'Will you tell us why you didn't come out the first time he called for you?' " The trial court sustained an objection to this question. These cases held that the rule is that a witness may not testify as to his uncommunicated intent, purpose, or motive.

It is to be noted that these questions to the witnesses in these cases were dealing with *direct examination*. Judge J. Russell McElroy of the Tenth Judicial Circuit of Alabama, a distinguished jurist and legal scholar, criticizes this rule in his treatise, Law of Evidence in Alabama, 2d Edition, Vol. 1, page 251, as being bizarre. Judge McElroy states that this "singularly bizarre rule in Alabama . . . exists in no other jurisdiction . . . ."

We do not comment on the rule as applied in *Hardie* and *Pyles* since we are concerned with the question of *cross-examination* of a witness in this case. In Armour & Co. v. Cartledge, 234 Ala. 644, 176 So. 334 (1937), this court held:

"The rule is well understood to be that ordinarily one cannot prove by a witness on direct examination what were his motive, purpose, fear, or other mental operations. But on cross-examination a witness may be asked as to his reasons for certain acts of his, and his motives and intention in respect to his conduct." (Citing cases.)

We affirm the rule as stated in *Armour & Co.*, and hold that it was error on the part of the trial court to sustain an objection, on cross-examination of officer Eddy, to questions seeking to determine his motive and intent in the conduct of his investigation.

III. *Nunc Pro Tunc Amendment*

■ It is now well settled in the field of criminal law that counsel must be present with the defendant at the time of sentencing. The pioneer case decided by the U. S. Supreme Court was Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1947). This principle was again emphasized by the Supreme Court in Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed. 2d 336 (1967). The original judgment entry of trial court did not show that counsel was present with defendant when he was sentenced. The judgment entry was amended nunc pro tunc by order of the trial court after issuance of writs of certiorari by the Court of Criminal Appeals. The nunc pro tunc amendment sinks or swims depending upon whether the error was clerical or judicial. Title 7, § 567, Code of Alabama 1940, Recompiled 1958, provided that "[T]he circuit courts . . . may, at any time within three years after the rendition of final judgment, upon . . . application of either party, amend any clerical error . . . or other mistake of the clerk . . . when there is sufficient matter apparent on the record or entries of the court to amend by."

A number of cases decided by this court on amendments nunc pro tunc are reviewed in Alabama Hide and Tallow Company v. Pincheon, 282 Ala. 404, 211 So.2d 896 (1968). We see no need to review them again in this opinion.

■ It is our opinion that the amendment nunc pro tunc here was judicial rather than clerical. There was not sufficient matter on the record or entries of the court to amend by. The amendment was based on affidavits of trial counsel and an Assistant District Attorney. It was error to allow the amendment. Alabama Hide and Tallow Company v. Pincheon, supra.

The rule of law on amendments nunc pro tunc announced in Rogers v. State, 29 Ala.App. 153, 193 So. 871 (1939) and Franklin v. State, 29 Ala.App. 306, 197 So. 55 (1940), and cited by the State, dealt with correcting clerical errors apparent in the record. They are not authority for amending judicial error.

Reversed and remanded.

All the Justices concur.