298 So.2d 42

**Luther Lycirgus LYONS**

v.

**STATE.**

**7 Div. 294.**

Court of Criminal Appeals of Alabama.

May 21, 1974.

Rehearing Denied June 25, 1974.

Dawson, McGinty & Livingston, Scottsboro, for appellant.

William J. Baxley, Atty. Gen., and Daniel J. Thompson, Jr., Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, represented here and below by employed counsel, was indicted for assault with intent to murder Dwight Jordan. The jury found him guilty of assault and battery (a lesser offense embraced in the indictment) and fined him $500.00. The court added six months in the county jail. Judgment therefor was duly entered, and this is an appeal therefrom.

Thirty or more people were assembled at the defendant's home for a party. The guests drank intoxicants, danced, played music, and otherwise were quite convivial. Dwight Jordan, a guest, was shot.

Defendant testified that he had gone to bed and was awakened by a beating at the door. He got a gun (pistol) to scare whoever was at the door. He further testified that someone jerked the door and the gun went off. We omit further delineation of the evidence.

I.

■ Appellant complains that the District Attorney, in his opening statement to the jury, said:

"MR. BLACK: We expect the testimony to show that for no reason at all, except that he wanted to get his friend that Lee Lyons had, this teenage boy, making improper sex acts,—"
The defendant objected thereto and moved for a mistrial. The objection was sustained and the motion overruled.

Later in the trial, the District Attorney, before the jury, asked a character witness for the defendant, "you never heard he was a queer?" The court sustained defendant's objection to the question and instructed the jury as follows:

"THE COURT: Ladies and gentlemen of the jury, the last question which the District Attorney has directed to the witness, you will disregard and remove it from your minds altogether and proceed as if that question had never been elicited; and I would like, now, to inquire of the jury, if there is any member of the jury that feels that they would be unable to entirely eradicate that question from their mind in arriving at the verdict. Do you think you could all do so, disregard that altogether?

"(No response from the jury.)

"THE COURT: Let the records show that on interrogation of the jury by the Court, the jury responded in the negative to the question by the Court, as to whether or not any juror would be influenced by the question asked by the District Attorney.

"MR. LIVINGSTON: We except to the ruling of the Court.

"THE COURT: Do you want to wait until I rule?

"MR. LIVINGSTON: I'm sorry.

"THE COURT: Motion for a mistrial is overruled, and the Defendant objects.

"MR. LIVINGSTON: Excepts. Thank you.

"THE COURT: Exception. All right."

We think the rulings of the trial court and the instructions to the jury were very favorable to the defendant in view of the evidence of Dwight Jordan, the assaulted party, to which no objection was made. We quote:
"Q. When you got there, did you see Lee Lyons there, seated by his attorney, Mr. Livingston?"

\*　　\*　　\*　　\*　　\*　　\*

"Q. All right, young man, what was the next thing that you remember he said or did, son?

"A. He stuck out his hand like he wanted to shake hands and he pulled me closer to him, and he hugged me and he run his hands down my pants.

"Q. What, if anything, did he feel of when he ran his hands down your pants?

"A. My penis.

"Q. Your penis?

"A. Yes.

"Q. What, if anything, did you do, son?

"A. I tried to back away from him and backed away to his dresser and started talking to him about opening or sponoring a club or dance for us."

We note that defendant, known as "Lee" Lyons, denied the perverted sexual approach that was inferable, supra. We quote:

"Q. Now, you heard Mr. Jordan testify that you grabbed him in the bedroom and pulled him close to you and made an advance toward his private parts. Did anything like that happen?

"A. No, sir."

Thus, it appears that the sexual propensity vel non of defendant was an issue of fact under the evidence, supra.

The rulings of the court were free of error.

## II.

Appellant's next assertion of error "relates to the trial court's refusal to permit on request the official court reporter to take the closing argument of the District Attorney."

We consider the aforequoted complaint to mean that the trial court declined to order the court reporter to report the closing argument. We are unable to find in the record a refusal of the court to *permit* the same to be done. The attorney for the defendant offered to pay for such service.

■ Title 13, § 262, Recompiled Code 1958, specifies duties of the court reporter and specifically excepts reporting argument of counsel. Additional specific duties of a court reporter of the Sixth Judicial Circuit, not here relevant, are added by General Acts, 1927, page 34. It appears that the instant reporter was under no duty, with or without pay, to report the argument of the District Attorney. The trial court had no authority to direct or mandate such service. Denson v. State, 50 Ala.App. 409, 279 So.2d 580(1).

We further observed in *Denson,* supra, as follows:

"We do not mean to say that the reporter was not required to note objections of counsel and their reference to arguments; also the ruling of the court on such objections.

"Defendant as an indigent was not in any worse position than a non-indigent who likewise is not entitled to such service as a matter of duty on the part of the reporter. The fact that the reporter may volunteer such service for pay does not require him to volunteer such service without pay. Such performance of service is addressed to the discretion of the court reporter without any order or direction of the trial court."

In Walker v. State, 291 Ala. 766, 287 So.2d 923(1), Mr. Justice Faulkner, writing for the Supreme Court, observed:

"* * * There is no mandate in the statute requiring the court reporter to take stenographic notes of arguments of counsel. This court stated in Embrey v. State, 283 Ala. 110, 214 So.2d 567 (1968) if counsel wishes to preserve for review any ruling of the trial court made during closing arguments, he must object and point out to the court that portion of the argument to which he objects. When that is done it is made a part of the record. Without this we have nothing to review."

We omit the observations in *Walker,* supra, with respect to rights of an indigent, which seem to be subject to the rule that

mandates objection and requires that counsel point out to the court that portion of the argument to which he objects. McClary v. State, 291 Ala. 481, 282 So.2d 384.

We pretermit considering the official status vel non of argument voluntarily reported with or without pay by a court reporter or by one without such official reportorial authority.

We fail to find any prejudicial error committed by the trial court in its rulings. The judgment is due to be, and the same is hereby affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

TYSON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., and ALMON, J., concur in the result.