BOWEN, Judge.
Larry G. Cassady was convicted of sodomy in the first degree and sentenced to 99 years’ imprisonment as a habitual felony offender. On this appeal from that conviction, Cassady contends that evidence that the defendant threatened the victim and evidence of the victim’s church attendance were improperly admitted into evidence.
The victim in this case is the defendant’s 11-year-old stepson. The child testified that he did not report the abuse for three years because he was “scared” and because the defendant had threatened to kill him. In explaining why he decided to report the incident, the child testified that he went to church and Sunday School and “heard the preacher preach.” The child’s mother was permitted to testify that her child told her about the sexual abuse after she and the child had heard a sermon on child abuse.
Initially, we find that the issues now raised on appeal were not preserved at trial by proper and timely objection. “Objection to a question must be made as soon as the question is stated.” Embrey v. State, 283 Ala. 110, 116, 214 So.2d 567, 573 (1968). “In order to be timely, an objection to oral testimony must be made after the objectionable question is asked but before the objectionable answer is given. Error cannot be preserved (except in limited circumstances not applicable here) by an objection made after a responsive answer to the question posed is given.” Davis v. Southland Corp., 465 So.2d 397, 402 (Ala.1985). Here, the prosecutor had already presented the various subjects to the jury by several questions and the witnesses' responses before defense counsel ever objected. However, even had timely and proper objections been tendered, we find that the defendant’s arguments are without merit.
*54 In Starr v. Starr, 293 Ala. 204, 210, 301 So.2d 78, 83 (1974), the Alabama Supreme Court held:
“[A] witness, on direct examination, may testify as to his intention, motive or other physically unexpressed mental state, provided that the testimony is material to the issues in the case. This is another area where the sound discretion of the trial judge will come into play. Thus we will not review the court’s ruling in either admitting or excluding such evidence in the absence of abuse.” (Emphasis in original.)
See also C. Gamble, McElroy’s Alabama Evidence § 102.07(3) (3d ed. 1977). In a prosecution for a sexual offense, the reason why a timely complaint was not lodged is a material fact about which the State may inquire. Price v. State, 383 So.2d 884, 888 (Ala.Cr.App.), cert. denied, 383 So.2d 888 (Ala.1980). See also Stewart v. State, 226 Ala. 15, 16, 145 So. 160, 161 (1932); Brooks v. State, 185 Ala. 1, 3, 64 So. 295, 296 (1914).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.